## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KURT KINGSLEY,

      **Plaintiff,**

      v.                            **CASE NO. 21-3267-SAC**

SAMUEL ROGERS, Warden,

      **Defendant.**

### MEMORANDUM AND ORDER
### AND ORDER TO SHOW CAUSE

Plaintiff Kurt Kingsley is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## 1. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights complaint under *Bivens*[1] based on conditions while housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff is a pretrial detainee and has paid the filing fee.

Plaintiff alleges in his Complaint that he was denied access to the law library and to visitation during a lockdown. Plaintiff alleges that during the lockdown the tablets were not available at first. After they were made available, Plaintiff was not able to login to access the law library. Plaintiff alleges that he was denied access because although he was designated for general population, the cell he was moved to was previously designated as a segregation cell. Plaintiff was denied a login because he was mistakenly viewed as being in segregation.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Although Plaintiff notified his counselor of the issue and was told that IT had been notified and the issue had been fixed, he was still unable to login.   On October 8, 2021, Warden Rogers responded to Plaintiff's grievance stating that he has "spoken with our headquarters, explained what needed to be changed immediately and submitted the required paperwork to them to expedite this change."  (Doc. 1–1, at 9.)

Plaintiff names  Samuel Roger, Warden at CoreCivic, as the sole defendant.  Plaintiff seeks $80,000 in money damages and "a reduced sentence."  (Doc. 1, at 5.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. *Bivens* First Amendment Claim

It is well-established that a prison inmate has a constitutional right of access to the courts. The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id.* at 354, 360. However, the Supreme Court has declined to create an implied damages remedy for First Amendment violations.

The Supreme Court recognized in *Bivens* an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (stating that the *Bivens* remedy has never been considered a proper vehicle for altering an entity's policy). Regarding its decision in *Bivens*, the Supreme Court stated in *Ziglar* that:

> In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations. In *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.,* at 248–249, 99 S. Ct. 2264. And in *Carlson v. Green,* 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment.

> See *id.,* at 19, 100 S. Ct. 1468. These three cases—*Bivens, Davis,* and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

*Zigler*, 137 S. Ct. at 1854–55.   The Supreme Court stated that it "has made it clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id*. at 1857 (citation omitted).

The Supreme Court noted that it has declined to create an implied damages remedy in a First Amendment suit against a federal employer.  *Id*. (citing *Bush v. Lucas,* 462 U.S. 367, 390, 103 S. Ct. 2404, 76 L.Ed.2d 648 (1983)); *see also Pahls v. Thomas*, 718 F.3d 1210, n.6 (10th Cir. 2013) (noting that the Supreme Court "has never held that a *Bivens* action is available against federal officials for a claim based upon the First Amendment") (citing *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937 ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment." (citation omitted)); *see also Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").  Therefore, Plaintiff has not established a cause of action for a First Amendment violation.

Although the Supreme Court has recognized a remedy under *Bivens* for Eighth Amendment violations, even if Plaintiff had such a claim, he is unable to assert a *Bivens* claim against the Defendant in this case.  The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")). Plaintiff's claims are subject to dismissal.

## B. Request for a Sentence Reduction

A civil rights action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the

state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in this civil rights action.

## C.  No Physical Injury

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 15, 2021**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 23, 2021, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**