IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KURT KINGSLEY,

    **Plaintiff,**

    v.                          CASE NO. 21-3267-SAC

SAMUEL ROGERS, Warden,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under *Bivens*[1] based on conditions while housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff is a pretrial detainee and has paid the filing fee. On November 23, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 2) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 3) and Motion for Appointment of Counsel (Doc. 4). The Court's screening standards are set forth in the MOSC.

Plaintiff alleged in his original Complaint that he was denied access to the law library and to visitation during a lockdown. Plaintiff alleged that during the lockdown the tablets were not available at first. After they were made available, Plaintiff was not able to login to access the law library. Plaintiff alleged that he was denied access because although he was designated for general population, the cell he was moved to was previously designated as a segregation cell. Plaintiff was denied a login because he was mistakenly viewed as being in segregation.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Although Plaintiff notified his counselor of the issue and was told that IT had been notified and the issue had been fixed, he was still unable to login.  On October 8, 2021, Warden Rogers responded to Plaintiff's grievance stating that he has "spoken with our headquarters, explained what needed to be changed immediately and submitted the required paperwork to them to expedite this change."  (Doc. 1–1, at 9.)  Plaintiff named Samuel Roger, Warden at CoreCivic, as the sole defendant and sought $80,000 in money damages and "a reduced sentence."  (Doc. 1, at 5).

The Court found in the MOSC that the Supreme Court has declined to create an implied damages remedy for First Amendment violations.  The Supreme Court stated that it "has made it clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citation omitted).   The Supreme Court noted that it has declined to create an implied damages remedy in a First Amendment suit against a federal employer.  *Id*. (citing *Bush v. Lucas,* 462 U.S. 367, 390, 103 S. Ct. 2404, 76 L.Ed.2d 648 (1983)); *see also Pahls v. Thomas*, 718 F.3d 1210, n.6 (10th Cir. 2013) (noting that the Supreme Court "has never held that a *Bivens* action is available against federal officials for a claim based upon the First Amendment") (citing *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937 ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment." (citation omitted)); *see also Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").  Therefore, Plaintiff has not established a cause of action for a First Amendment violation.

The Court also found in the MOSC that although the Supreme Court has recognized a remedy under *Bivens* for Eighth Amendment violations, even if Plaintiff had such a claim, he is unable to assert a *Bivens* claim against the Defendant in this case.  The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the

employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).

The Court also found that any claim challenging his state sentence is not cognizable in this civil rights action. A civil rights action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff now alleges in his Amended Complaint that he is bringing this action under 42 U.S.C. § 1983. Plaintiff continues to name Warden Rogers as the sole defendant and seeks $275,000 in compensatory damages and $200,000 in punitive damages. (Doc. 3, at 6–7.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

CoreCivic is a private corporation. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The requirement is satisfied if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff alleges no facts to support an inference that Defendant was acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendant obtained significant aid from the state of Kansas or any other state or state officials, or that Defendant engaged in conduct otherwise chargeable to the State. Plaintiff provides no factual claim or support for a claim that Defendant acted under color of state law. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

Furthermore, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Plaintiff has also failed to allege any facts justifying punitive damages. Punitive damages "are available only for conduct which is

'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.  In fact, Plaintiff's facts suggest, at most, negligence.  Defendant attempted to remedy the situation which appeared to be the result of an administrative error.  Plaintiff has failed to state a claim for relief.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated December 13, 2021, in Topeka, Kansas.**

                                              **S/ Sam A. Crow**
                                              **SAM A. CROW**
                                              **SENIOR U. S. DISTRICT JUDGE**